UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGIA DAVEY ) | CIVIL ACTION |
|     Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CAPITAL MANAGEMENT SERVICES, LP AND ) | |
| VELOCITY INVESTMENTS, LLC ) | MARCH 29, 2013 |
|     Defendant ) | |

## COMPLAINT

1. This is a suit brought by a consumer under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* against Capital Management Services, LP ("CMS") and Velocity Investments, LLC ("Velocity"). Plaintiff also includes supplemental state law claims for CMS's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* and Velocity's violations of the Connecticut Creditors Collection Practices Act, ("CCPA") Conn. Gen. Stat. § 36a-645 *et seq.*

2. Plaintiff is a consumer residing in Kensington, Connecticut, and is a "consumer" as defined by the FDCPA.

3. CMS is a Delaware Limited Partnership with its offices in Buffalo, NY and Greenville, SC. CMS is a "debt collector" as defined by the FDCPA.

4. Velocity is a New Jersey limited liability company with its primary headquarters in New Jersey. Velocity engages in the purchase of debts and is a "debt collector" as defined by the FDCPA and a "creditor" as defined by the CCPA.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692, 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

6. This Court has jurisdiction over CMS because it regularly conducts business in Connecticut.

7. This Court has jurisdiction over Velocity because it regularly conducts business in Connecticut.

8. Venue is proper because the transaction alleged herein occurred in this state.

9. Prior to 2007, Velocity claimed a debt based upon its purported purchase of a credit card account (the "Debt") in the amount of $6,317.67.

10. On September 21, 2007, Zwicker & Associates, P.C., a law firm, sent Plaintiff a collection letter in an attempt to collect the debt on behalf of Velocity.

11. In or around November 2007, Plaintiff entered into an agreement with Zwicker & Associates to pay $3,098.00 in full settlement and satisfaction of the Debt ("the Agreement").

12. On or around November 29, 2007, Plaintiff, through counsel, made the agreed upon payment by way of check to Zwicker & Associates, P.C.  The check indicated that the payment was "payment in full", and said payment was accepted by Velocity.

13. Following November 29, 2007, but prior to February 12, 2013, notwithstanding its prior agreement to settle the Debt, Velocity engaged CMS to attempt to collect the Debt from Plaintiff.

14. On or around February 12, 2013, CMS sent Plaintiff a letter in which it attempted to collect the Debt in the amount of $5,391.23.

15. After receiving the letter, on or around February 17, 2013, Plaintiff faxed to CMS a copy of her proof of payment, plus a letter from Bank of America, the successor to the original creditor on the Debt. That letter acknowledged the receipt of Plaintiff's final payment of $3,098.00 as full settlement of the obligation. Plaintiff also sent a hard copy to CMS by UPS that same day.

16. On or around February 18, 2013, Plaintiff contacted CMS to inquire as to whether it had received her information. During that conversation, a male representative of CMS told Plaintiff that CMS had received her information and had sent the information to Velocity for verification.

17. On or around February 19, 2013, Plaintiff contacted CMS to inquire as to the status of the verification. The female representative with whom Plaintiff spoke attempted to collect the Debt.

18. Plaintiff explained to the female representative that she had settled the Debt in 2007 and that she was not liable for the Debt. Plaintiff also told the representative that the statute of limitations for any such debt had passed.

19. The representative responded that Plaintiff was liable for the debt and that there was no such thing as a statute of limitations.

20. The representative falsely told Plaintiff that her 2007 payment was for a different account.

21. CMS knew or should have known that the statement was false at the time of the statement's making and made it in the hope that Plaintiff would rely on it and be induced to make a payment.

22. CMS violated the FDCPA § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, as described above.

23. CMS also violated FDCPA § 1692e by making false, deceptive or misleading representations in connection with the collection of the debt. Specifically, it represented to Plaintiff that it was attempting to collect on a different account than that which Plaintiff had already paid, and by falsely representing the character, amount and legal status of the Debt.

24. CMS also violated FDCPA § 1692g(b) by attempting to collect on the Debt after receiving written notice of Plaintiff's dispute and prior to providing Plaintiff with written verification of the Debt.

25. CMS's conduct also constitutes unfair and deceptive acts in violation of CUTPA that have caused Plaintiff ascertainable losses, including, but not limited to, emotional distress, embarrassment, shame, and expenses incurred in disputing the debt with CMS, including payments to third parties for submission of faxes and for express delivery.

26. Velocity violated FDCPA § 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff. Specifically, Velocity attempted to collect on a debt that had already been settled, and, upon

information and belief, fraudulently represented to CMS that it had verified the debt as valid so that CMS would continue its collection efforts.

27. Velocity violated FDCPA § 1692e by using false, deceptive or misleading representations or means in connection with the collection of the debt.  Specifically, Velocity made false representations with regard to the character, amount or legal status of the Debt.  Further, Velocity communicated false credit information concerning Plaintiff to CMS when it knew or should have known the information to be false.

28. Velocity violated the CCPA by using abusive, harassing, fraudulent, deceptive or misleading representations, devices or practices to collect or attempt to collect the Debt, as described above.

29. Specifically, Velocity violated Regs. Conn. State Agencies § 36a-647-6(2)(A) by falsely representing the amount, character or legal status of the Debt, as described above, and Regs. Conn. State Agencies § 36a-647-5 by engaging in conduct the natural consequence of which to a reasonable person would be to harass or abuse such person in connection with the collection of a debt.

30. As a result of Velocity's CCPA violations, Plaintiff suffered harm, including, but not limited to, emotional distress, embarrassment, shame and expenses incurred in disputing the debt with CMS, including payments to third parties for submission of faxes and for express delivery.

31. Velocity's conduct also constitutes unfair and deceptive acts in violation of CUTPA that have Plaintiff ascertainable losses, including, but not limited to, emotional distress, embarrassment, shame, and expenses incurred in disputing the debt with CMS.

WHEREFORE, the Plaintiff claims actual damages and statutory damages pursuant to 15 U.S.C. § 1692k(a); attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g and actual damages, statutory damages, and attorney's fees and costs pursuant to Conn. Gen. Stat § 36a-648.

          PLAINTIFF GEORGIA DAVEY

     By: /s/Hailey R. Gallant
        Daniel S. Blinn (ct02188)
        Hailey R. Gallant (ct29150)
        Consumer Law Group, LLC
        35 Cold Spring Rd, Suite 512
        Rocky Hill, CT  06067-9997
        hgallant@consumerlawgroup.com
        dblinn@consumerlawgroup.com
        Tel (860) 571-0408
        Fax (860) 571-7457